**AFFIRMED and Opinion Filed October 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00432-CR**

**ROSALINO GALARZA CERBANTEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-76471-T**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Nowell
Opinion by Chief Justice Burns

Appellant Rosalino Galarza Cerbantez appeals his conviction for continuous sexual abuse of a child under the age of 14. In a single issue, he argues the trial court erroneously denied his for-cause challenges to three venire members in violation of his Fifth, Sixth, Eighth, and Fourteenth amendment rights under the United States Constitution. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

The facts relevant to Cerbantez's appeal relate to the questioning of three venire members and his challenges for cause. First, venireperson Morgan, after initially affirming she was "more inclined to believe the testimony of a child versus

the testimony of an adult," stated (1) "it would be very hard not to go on the side of a child;" (2) "I think I would expect more evidence from the adult to the contrary" of a child's testimony; and (3) "I know you don't have to provide evidence, but knowing how the system works at [Dallas Children's Advocacy Center], I've worked with them, to get to this level I know all the other things that have to have already taken place. And I think that knowledge would be – it would be hard for me to be impartial."

Second, venireperson Graves volunteered that she "too volunteer[s] at a child advocacy center so just seeing the process that kids have to go through it's really hard for them." Defendant's counsel then told her, "If you don't think that this is the right case for you this is really the right time for you to say that;" in response, venireperson Graves acknowledged, "It's probably not the best case for me then . . . in my heart it's a hard job."

Third, venireperson Parameswaran said, "I feel the same way. I feel how we got to this point, having known people in my life who have gone through child sexual abuse. I don't feel like I could be unbiased."

After excusing the jury panel from the courtroom for both sides to submit their peremptory strikes, the trial court judge said:

> Now, earlier the State and the Defense announced their challenges for cause. The Court made certain rulings on them. There are some that the Defense had that I did not agree to. The Defense wanted to do this before we swore this panel in. So you can have on the record who your challenges were and the reason therefore. Go ahead.

–2–

Cerbantez's trial counsel proceeded to specifically challenge Morgan, Graves, and Parameswaran for cause on the basis that each had admitted they could not treat him fairly and the trial court overruled each challenge. Cerbantez then requested three additional peremptory strikes to replace the ones he used to strike them and the trial court denied his request. Cerbantez's trial counsel did not, however, identify three objectionable jurors impaneled by the trial court. Nor did he demonstrate that he used all his peremptory strikes. The trial court seated the jury and commenced the trial. The jury then convicted Cerbantez and sentenced him to 50 years of confinement.

"If a trial judge errs in overruling a challenge for cause against a venire member, then the appellant must show that he was harmed because he was forced to use a peremptory strike to remove the venire person and that he suffered a detriment from the loss of that peremptory strike." *Buntion v. State*, 482 S.W.3d 58, 83 (Tex. Crim. App. 2016). Error is preserved for review only if appellant (1) used all his peremptory strikes, (2) asked for and was refused additional peremptory strikes, and (3) was then forced to take an identified objectionable juror whom appellant would not otherwise have accepted had the trial court granted his challenge for cause (or granted him additional peremptory strikes so that he might strike the juror). *Id.*

On appeal, Cerbantez neither argues that an identified objectionable juror sat on the jury nor points us to relevant evidence in the record. Similarly, Cerbantez's brief does not cite any evidence supporting his contention that he exhausted all his

peremptory strikes. Finally, our review of the record has revealed no evidence that supports either prerequisite to preservation. Therefore, Cerbantez did not preserve his alleged error. *Buntion*, 482 S.W.3d at 83. If an issue has not been preserved for appeal, nothing is presented for appellate review. *Rodgers v. State*, No. 05-20-00211-CR, 2022 WL 1076067, at *2 (Tex. App.—Dallas Apr. 11, 2022, no pet.) (mem. op., not designated for publication) (citing *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) ("Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review.")).

In a cross issue, the State argues we should reform the judgment to reflect the age of the victim at the time of the offense. Cerbantez's conviction was a reportable conviction under Chapter 62 of the Code of Criminal Procedure. *Compare* TEX. CODE CRIM. PROC. § 62.0051 (requiring sex offender registration for those with a reportable conviction) *with id.* § 62.001(5)(A) (a reportable conviction includes convictions for violations of Texas Penal Code section 21.02). Therefore, Cerbantez's judgment of conviction must include the victim's age at the time of the offense. *Id.* § 42.01(27). Despite this statutory requirement, the judgment states that the age of the victim at the time of the offense was not applicable.

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*,

865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Here, the victim testified that Cerbantez began sexually assaulting her when she was seven and that he continued doing so until she was 14. *See* TEX. PENAL CODE § 21.02(b). Because the record contains the necessary information, we modify the judgment to reflect that "The age of the victim at the time of the offense was 12."

We affirm the judgment of the trial court as modified.

230432f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Robert D. Burns, III/

ROBERT D. BURNS, III
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROSALINO GALARZA
CERBANTEZ, Appellant

No. 05-23-00432-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F22-76471-T.
Opinion delivered by Chief Justice
Burns. Justices Reichek and Nowell
participating.

Based on the Court's opinion of this date, we **MODIFY** the portion of the judgment that states "The age of the victim at the time of the offense was N/A" to state "The age of the victim at the time of the offense was 12."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of October, 2024.